# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAEK SANG YOON,<br>CDC #P-67861,<br><br>                              Plaintiff,<br><br>vs.<br><br>W.C. WITTENBERG,<br><br>                              Defendant. | Civil No.   03-1176 IEG (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO FED.R.CIV.P. 59(e) AND S.D. CAL. CIVLR 7.1(I)**<br><br>**[Doc. No. 87-1]** |

On June 13, 2003, Taek Sang Yoon ("Plaintiff"), a state prisoner currently incarcerated at the California Rehabilitation Center, proceeding pro se, filed a Complaint pursuant to 28 U.S.C. § 1983. In his original Complaint Plaintiff named Defendants Wittenberg, Giurbino, D.J. DeGeus, and Galindo. On July 2, 2003, this Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and found that it failed to state a claim upon which § 1983 relief could be granted as to Defendants Giurbino, D.J. DeGeus, and Galindo. *See* July 2, 2003 Order at 3-6. Plaintiff was granted forty-five (45) days to file a First Amended Complaint in order to correct the deficiencies of pleading noted in the Court's Order. *Id.* at 6.

////

////

Plaintiff filed a First Amended Complaint ("FAC") on September 15, 2003 [Doc. No. 9]. Plaintiff later requested leave to file a Second Amended Complaint which was granted by the Court on March 2, 2004 [Doc. No. 18]. Plaintiff filed his Second Amended Complaint ("SAC") on March 12, 2004 [Doc. No. 20]. The Court, once again, sua sponte screened Plaintiff's Second Amended Complaint and found that Plaintiff failed to correct the deficiencies of pleading identified as to Defendants Giurbino, DeGeus and Galindo. Accordingly, the Court dismissed the claims against these Defendants without leave to amend. *See* April 20, 2004 Order at 4-7. The Court further found that Plaintiff had failed to state an Eighth Amendment claim against Defendant Wittenberg pursuant to 28 U.S.C. § 1915A and dismissed these claims without leave to amend. *Id.* at 6. Plaintiff was informed that he could proceed with his First Amendment retaliation and Fourteenth Amendment claims against Defendant Wittenberg. *Id.* at 7.

Defendant Wittenberg then filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to FED.R.CIV.P. 12(b). Defendant argued that Plaintiff's Second Amended Complaint must be dismissed because he failed to exhaust all available administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). The Court denied Defendant's Motion and found that Plaintiff had exhausted his available administrative remedies relying upon the Ninth Circuit's decision in *Ngo v. Woodford*, 403 F.3d 620 (9th Cir. 2005). *See* Apr. 7, 2005 Order at 6-7.

Defendant Wittenberg sought reconsideration of the Court's April 7, 2005 Order in light of the United States Supreme Court's reversal of the Ninth Circuit's decision in *Ngo v. Woodford*. *See Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378 (2006). The Court found that the *Woodford* decision was clearly an intervening change in controlling law and granted Defendant's Motion for Reconsideration. *See* Sept. 5, 2006 Order.

Plaintiff now seeks reconsideration of the Court's September 5, 2006 Order. He claims that the Court "overlooked" circumstantial evidence by failing to review the exhibits attached to his original Complaint. *See* Pl.'s Mot. at 1.

////

**Motion for Reconsideration**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Plaintiff claims that the Court erred by failing to review the documents attached as exhibits to Plaintiff's original Complaint. However, Local Rule 15.1 specifically provides that when a party amends their pleadings, the amended pleading must be "complete in itself without reference to the superseded pleading."[1]  S.D. Cal. CivLR 15.1. Moreover, this Local Rule provides Plaintiff with the opportunity to request that the exhibits from his original Complaint be removed and attached to his Second Amended Complaint. *Id.* Plaintiff never made such a request.

Regardless, the exhibits attached to Plaintiff's original Complaint fail to defeat Defendant's preliminary showing that Plaintiff failed to exhaust his administrative remedies prior to filing suit under 42 U.S.C. § 1997e and *Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378 (2006). In *Woodford*, the Supreme Court confirmed that the Prison Litigation Reform Act requires a prisoner to "properly" exhaust any available administrative remedies before challenging prison conditions in federal court. *See Woodford*, 126 S.Ct. at 2380. The Supreme Court found that "[proper exhaustion] means . . . a prisoner must complete the administrative

---

[1] In fact, Plaintiff was informed of this Local Rule in the Court's Order filed on July 2, 2003 [Doc. No. 2]. *See* July 2, 2003 Order at 6.

1  review process in accordance with the applicable procedural rules, including deadlines, as a
2  precondition to bringing suit in federal court." *Id.*

3        The administrative appeal system for inmates in the California prison system is described
4  in Title 15 of the California Code of Regulations. "Any inmate or parolee under the [California
5  Department of Corrections'] jurisdiction may appeal any departmental decision, action,
6  condition or policy perceived by those individuals as adversely affecting their welfare." CAL.
7  CODE REGS. tit. 15 § 3084.1(a). In order to exhaust administrative remedies, a prisoner must
8  first attempt to informally resolve the problem with the staff member involved in the action or
9  decision being appealed." *Id.*, § 3084.5(a). If unsuccessful, the prisoner must then submit a
10 formal appeal on an inmate appeal from (a "CDC 602") to the institution's Appeals Coordinator
11 or Appeals Office. *Id.* § 3084.5(b). If the prisoner is again unsuccessful, he or she must submit
12 a formal appeal for second level review, *id.* § 3084.5(c), which is conducted by the institution
13 head or designee. *Id.* § 3084.5(e)(1). The third or "Director's Level" of review "shall be final
14 and exhausts all administrative remedies available in the Department [of Corrections.]" *See* Cal.
15 Dep't. of Corrections Operations Manual, § 54100.11, "Levels of Review;" *see also Barry v.*
16 *Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997); *Irvin v. Zamora*, 161 F. Supp. 2d 1125, 1129
17 (S.D. Cal. 2001).

18       Plaintiff offered no evidence to contradict the Defendant's showing that Plaintiff failed
19 to properly exhaust his administrative grievances prior to bring this lawsuit. Plaintiff continues
20 to insist, and it may be true, that he filed an initial grievance at the first level of review.
21 However, *Woodford* now makes clear that a prisoner must continue through the available
22 administrative grievance procedures until the matter is resolved. Here, Plaintiff continues to
23 argue that he did file an administrative grievance at the first level. *See* Pl.'s Motion for
24 Reconsideration at 1-4. However, Plaintiff does not explain why he waited more than a year to
25 follow up on the status of his initial grievance. There is no evidence before this Court, that
26 Plaintiff continued to properly exhaust his administrative grievance regarding his claims against
27 Defendant Wittenberg. Accordingly, based on the record before this Court, Plaintiff did not
28 properly exhaust his administrative remedies as required by *Woodford.*

////

1 | Thus, without more, and because reconsideration is not warranted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with its ultimate decision, Plaintiff's Motion for Reconsideration must be DENIED. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D.C. Wis. 1956)).

## Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration [Doc. No. 98-1] is DENIED.

**DATED:  September 20, 2006**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**